[No. 38445.    Department Two.    September 29, 1966.]

THE STATE OF WASHINGTON, *Respondent,* v. KERRIGAN C. GRAY, *Appellant.*[*]

*Sullivan, Burton & Meade* and *Philip L. Burton,* for appellant (Appointed counsel for appeal).

*Charles O. Carroll* and *Larry L. Barokas,* for respondent.

KALIN, J.[†]—This is a case arising out of the "University marijuana raids" made in March and April, 1965, in the

[*]Reported in 418 P.2d 725.

[†]Judge Kalin is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

area immediately adjacent to the University of Washington, in Seattle.

Appellant was found guilty of two counts of unlawful sale of marijuana, committed on March 5 and 11, 1965.

. The Seattle Police Department had been alerted to unlawful use and sales of marijuana taking place in the University district. They enlisted the aid of one Donald MacAllister, a private citizen as well as a police informer. He was assigned to work with Allan West, a Seattle police officer. They were directed to go to the University district and make themselves available for a sale of marijuana.

Officer West and MacAllister went to several coffee houses in the district on March 5, 1965, and as they entered the Quee Queg Coffee House, MacAllister noticed appellant standing in the rear. MacAllister and appellant had known each other for a month or more. Appellant knew MacAllister had problems with the law for the federal crime of evasion of the marijuana tax act, and that he was trying to obtain leniency in his own case. They exchanged a greeting and began a conversation. This led to a series of negotiations dealing with price and place of delivery of marijuana, and the fact that West would be the purchaser.

MacAllister, West, appellant and a friend of his drove in MacAllister's car north from the University district, and eventually came to a house which MacAllister recognized as appellant's home. Appellant entered the house alone and returned in about 20 minutes. During the drive back to the University district appellant asked Officer West if he had the money. West handed the money to appellant and appellant handed him a package wrapped in plastic which contained the marijuana. After arriving at the district and alighting from the car, appellant turned to Officer West and said, *"If you ever want to obtain any more marijuana, give me a call."* (Italics ours.) He then wrote down his telephone number and gave it to West.

On March 11th (count 2), Officer West again arrived at the University district. He saw appellant in a telephone booth, called him to his car and asked appellant to furnish

him with some marijuana. The appellant got into West's car and they drove north from the district to a house which they entered briefly, returned to the car and drove to appellant's home. Appellant went inside alone and returned in 15 minutes. He then handed West a package of marijuana wrapped in plastic in exchange for a $20 bill. They returned to the University district and separated.

Appellant testified in his own behalf. He admitted making the sales, but contended the sales were made to MacAllister, because of friendship, the informer's persistence, and because it was difficult for the informer to obtain marijuana. He further stated that few people would sell or give MacAllister any marijuana, or even smoke it with him, because they were afraid he would inform the police.

Appellant had never before been charged with or convicted of a narcotics offense, but had been convicted and served time for burglary in the second degree.

Appellant assigns error to the trial court's failure to give appellant's proposed instructions on the defense of entrapment and in failing to give any instructions on appellant's theory of the case.

The state of Washington recognizes the defense of entrapment. *State v. Littooy*, 52 Wash. 87, 100 Pac. 170 (1909); *State v. Cowling*, 161 Wash. 519, 297 Pac. 172 (1931); *State v. Berry*, 200 Wash. 495, 93 P.2d 782 (1939); and *Seattle v. Gleiser*, 29 Wn.2d 869, 189 P.2d 967 (1948). It is a positive defense which necessarily assumes that the act charged was committed.

It is appellant's contention that there was sufficient evidence presented to justify an instruction on entrapment. We cannot agree.

Entrapment occurs only where the criminal design originates in the mind of the police officer and not with accused; and the accused is lured or induced into committing a crime he had no intention of committing. When the crime originates in the mind of another, an officer may, when acting in good faith, make use of deception, trickery or artifice.

Even if we accept appellant's testimony that he told the officer and the informer he did not want to sell marijuana and was only persuaded through friendship and sympathy, we do not have more than the scintilla of evidence necessary for an instruction. We must also consider the undisputed testimony in this case. Appellant took the officer to his own home to get the marijuana. Appellant accepted money for the marijuana; most importantly appellant gave the officer his telephone number and told him to return any time. In light of this appellant's original protests (if indeed they were ever made) were just his own manner of bargaining.

It is quite obvious that appellant was furnished nothing more than an opportunity to sell.

■ This court has often stated that the use of a decoy or informer to present an opportunity for commission of a crime does not constitute entrapment. *State v. Littooy, supra; Seattle v. Gleiser, supra; People v. Alamillo,* 113 Cal. App. 2d 617, 248 P.2d 421 (1952).

■ There being no evidence of entrapment, it was not error for the trial court to refuse to give any instructions on entrapment.

Counsel for appellant having directed his entire argument on entrapment in this court to count 1 of the information, the March 5th sale, there can be no question that there was no entrapment as to count 2 of the information. At the time of the March 11th sale, there was no evidence of any decoy or inducement. It was nothing more nor less than a purchase and sale.

Having determined there was no entrapment, and therefor no necessity to instruct on such defense, it is not necessary for this court to determine the correctness or incorrectness of appellant's proposed instructions on entrapment.

The judgment is affirmed.

ROSELLINI, C. J., DONWORTH, WEAVER, and HAMILTON, JJ., concur.