[No. 42067. En Banc. November 24, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. DONALD THOMAS WAGGONER, *Appellant*.

*Ingersoll & Ingersoll* and *Donald M. Ingersoll*, for appellant (appointed counsel for appeal).

*Smith Troy, Prosecuting Attorney, Ward Jay Rathbone* and *Edward F. Schaller, Deputies,* for respondent.

FINLEY, J.—The defendant in this case appeals from his conviction and sentence for unlawful sale of lysergic acid diethylamide (LSD). At trial, evidence established that Vonnie Crombie, a police informant, had infiltrated and become an accepted member of appellant's social group. From time to time, Mrs. Crombie let it be known that she was interested in purchasing large quantities of drugs. After a period of initial noncooperation, for reasons that remain in dispute, appellant Waggoner telephoned Mrs. Crombie, told her that he had found a potential seller, and arranged for her to meet the seller. Waggoner was to receive a commission for arranging the sale. On May 24, 1970, Bruce Bird, the unsuspecting seller, transferred the drugs to Mrs. Crombie, and was promptly taken into custody by the police. Appellant was arrested soon after at his place of residence.

Appellant first contends that Laws of 1969, Ex. Ses., ch. 256 (including RCW 69.40.060 under which he was convicted) is unconstitutional because the act is in violation of the requirement of Const. art. 2, § 19, that "no bill shall embrace more than one subject, and that shall be expressed in the title."

We do not agree. The act in question is entitled "AN ACT Relating to crimes and criminal procedures." It contains

provisions designed to (1) increase the confidentiality and reliability of criminal records, (2) reduce the penalties for crimes involving cannabis or marijuana, and (3) establish new crimes involving the distribution of erotic materials to minors.

We are convinced that the title of the bill adequately expresses its subject. *See State ex rel. Scofield v. Easterday,* 182 Wash. 209, 46 P.2d 1052 (1935). The crucial question is whether the bill itself embraces more than one subject in a manner prohibited by the constitution.

This court has never favored a narrow construction of the term "subject" as used in Const. art. 2, § 19. We have consistently held that a bill may properly contain one broad subject embracing many sub-subjects or subdivisions. *Robison v. Dwyer,* 58 Wn.2d 576, 364 P.2d 521 (1961); *Washington Toll Bridge Authority v. State,* 49 Wn.2d 520, 304 P.2d 676 (1956). The act which appellant attacks, as indicated in its title, covers the broad subject of "criminal law," dealing with certain specifically mentioned subdivisions thereof. Such breadth of coverage, if properly titled, is permitted under the law of this state. In *In re Donnellan,* 49 Wash. 460, 95 P. 1085 (1908), this court held that a general statute enacted as a complete penal code, relating to all ordinary crimes, entitled "an act relative to crimes and punishment and proceedings in criminal cases," does not violate the constitution. The act now before us is similar in breadth, and is equally valid.

Appellant emphasizes that the disparate nature of the provisions constituting Laws of 1969, Ex. Ses., ch. 256, is conducive to legislative "logrolling," the practice of drafting and submitting a bill to the legislature in such a form that a legislator is required to vote for something of which he disapproves in order to obtain approval of another unrelated law. We have often stated that the prevention of logrolling is one of the purposes of article 2, section 19, of our constitution. *Robison v. Dwyer, supra; State v. Winters,* 67 Wn.2d 465, 407 P.2d 988 (1965). But logrolling does not exist unless the component provisions of an enact-

ment embrace more than one subject. If an act contains only one broad subject, as in the instant case, the mere possibility that legislators will be forced to vote for a provision of which they disapprove in order to obtain the passage of the whole act will not render that act unconstitutional under Const. art. 2, § 19. To hold otherwise would be inconsistent with both the definition of logrolling, *supra*, and the efficient operation of our legislature.

■ Appellant next contends that the trial court erred in refusing to give any of the requested entrapment instructions to the jury. We do not agree. Entrapment occurs only where the criminal design originates in the mind of the police officer or informer and not with the accused, and the accused is lured or induced into committing a crime he had no intention of committing. *State v. Gray,* 69 Wn.2d 432, 418 P.2d 725 (1966); *Sorrells v. United States,* 287 U.S. 435, 77 L. Ed. 413, 53 S. Ct. 210, 86 A.L.R. 249 (1932). The mere use of a decoy or informer to present an individual with an opportunity to commit a crime does not in itself constitute entrapment. *Seattle v. Gleiser,* 29 Wn.2d 869, 189 P.2d 967 (1948); *Brainin v. United States,* 314 F.2d 460 (5th Cir. 1963). In the case now before us, the evidence favoring appellant's contention of entrapment indicates only that appellant, for unexplained reasons, was initially reluctant to enter into the transaction. Even when viewed in the light most favorable to appellant, it does not support the conclusion that the intention to sell originated in the mind of the informant, Vonnie Crombie.

On the contrary, the record reveals that the offer to sell was made by appellant, on his own initiative, during a telephone call which he made to Mrs. Crombie at least 2 days after she had last expressed to him her interest in buying a large quantity of drugs. Furthermore, the testimony indicates that Mrs. Crombie employed no more persuasion than would be necessary to effect an ordinary sale. The record itself reveals that the activities of individuals such as Mrs. Crombie have made discretion and suspicion an operating principle for drug dealers in all of their sales.

A police informant's use of a normal amount of persuasion to overcome this expected resistance does not constitute entrapment and will not justify an entrapment instruction. *People v. Moraga,* 244 Cal. App. 2d 565, 53 Cal. Rptr. 563 (1966). Finally, it is conceded that small quantity drug sales were common in appellant's social group, making it even more difficult for us to conclude that the intention to illegally sell LSD originated with Mrs. Crombie rather than in the mind of the appellant. The opinion in *State v. Curry,* 70 Wn.2d 383, 422 P.2d 823 (1967), is controlling, wherein we said:

> The trial court refused to give an instruction on entrapment, and properly so. The defendant did not testify. There is no evidence as to his state of mind; no evidence to indicate that he was lured or inveigled into making this sale . . . . The person to whom the sale was made, though a decoy and an informer, merely afforded the defendant the opportunity to make the sale. This does not warrant an instruction on entrapment.

Appellant's final assignments of error are based upon the alleged failure of the prosecution to prove that LSD is a salt, derivative, or compound of lysergic acid, as required by RCW 69.40.060. That statute provides:

> (1) It shall be unlawful for a person . . . to sell, give away, barter, exchange or distribute . . . lysergic acid, . . . or any salts, derivatives, or compounds thereof, or any preparation or compound containing any of the foregoing substances, or their salts, derivatives, or compounds . . .

Appellant contends that whether LSD is a compound, salt, or derivative of lysergic acid is a crucial factual issue in support of which the prosecution failed to produce sufficient evidence. Appellant also contends that the trial judge erred in holding as a matter of law that LSD was a salt, derivative, or compound of lysergic acid, and that in so holding he improperly commented on the evidence in violation of Const. art. 4, § 16.

 We are convinced and conclude that appellant's contentions are without merit. The trial judge, in denying

appellant's motion to dismiss for failure of the prosecution to prove its case and in preventing appellant's counsel from arguing this issue in the closing argument, correctly held as a matter of law that RCW 69.40.060 was intended to prohibit the sale of LSD (lysergic acid diethylamide). It is the function of the courts of this state to construe and determine the application of the laws passed by the legislature. It was fully within the power of the trial court to find that LSD is a substance prohibited by RCW 69.40.060. Criminal statutes need not meet absolute standards of specificity. *United States v. Farber,* 306 F. Supp. 48 (N.D. Cal. 1969). Instead the test is "whether the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices." *Jordan v. De George,* 341 U.S. 223, 95 L. Ed. 886, 71 S. Ct. 703 (1951). In proscribing the use or sale of lysergic acid or its derivatives the legislature clearly intended its prohibition to apply to LSD. Lysergic acid itself is a non-hallucinogenic substance. Furthermore, LSD is the only known derivative of lysergic acid which is hallucinogenic, and produces bizarre visions and delusions in the minds of users. We could be rightfully accused of succumbing to similar delusions were we to fail to hold as a matter of law that the legislature intended to prohibit the sale or use of LSD when it passed RCW 69.40.060.

The judgment of the trial court is affirmed.

HAMILTON, C.J., ROSELLINI, HUNTER, HALE, NEILL, STAFFORD, SHARP, and WRIGHT, JJ., concur.