[No. 1049-2. Division Two. October 1, 1973.]

THE STATE OF WASHINGTON, *Respondent,* v. JERRY MORGAN, *Appellant.*

---

758

 

*Ralph E. Olson* and *Nordquist, Olson & Pietig*, for appellant (appointed counsel for appeal).

*Brian M. Baker, Prosecuting Attorney*, and *Jeremy R. Randolph, Chief Deputy*, for respondent.

PETRIE, J.—The defendant has appealed from conviction of the crime of delivery of a controlled substance, marijuana. At trial, the defendant readily admitted that he had delivered two marijuana cigarettes on August 31, 1972, to one of two undercover narcotics agents whom he had known for about a week. He asserted the defense of entrapment, but the trial court refused to present the jury with any instruction[1] on the law of entrapment. On appeal the only issue is whether or not there was sufficient evidence in the record to support a defense of entrapment.

There is evidence in the record which, if believed by the jury, would establish the following fact pattern: In August, 1972, the defendant, age 24, lived at home with his mother. He was steadily employed. He had quit smoking marijuana about a month before August 31, but he had two cigarettes left over, which were at his girl friend's house. He apparently had no prior conviction of any narcotic offense, although at age 19 he had been convicted of some unidentified crime.

On or about August 24, 1972, he met two people who

---

[1] The defendant proposed the following instruction on the law of entrapment: "You are instructed that Entrapment is a defense to the charge against the defendant.

"Entrapment occurs where the criminal design originates in the mind of the police officer or informer and not the accused, and the accused is lured or induced into committing a crime he had no intention of committing.

"The mere use of a decoy or informer to present an individual with an opportunity to commit a crime does not in itself constitute Entrapment."

were introduced to him as brother and sister. In fact, they were paid informers engaged in narcotics investigation. On four separate occasions during the ensuing week, one or the other of these informants asked him how they could purchase marijuana. He steadily advised them that he had no idea where to get any. However, on the last occasion, August 31, one of the informants, who had previously offered to become his bed partner, offered to trade tranquilizer tablets for some marijuana. He had been having headaches and could not sleep well at night. He took the tranquilizers and advised the informant of the address of his girl friend. He left the group. Later that evening the two informants did go to the address given them and he gave them the two cigarettes. His own explanation of his state of mind at the time of the transaction was:

> Well, I quit smoking marijuana about a month or a month and a half before this and I had some of it laying around that I had from a long time before, so I decided that if I had the tranquilizers and I figured I would get rid of it, but I really don't like to be a hypocrite about the whole thing, to give away something, that I don't do.

The defense of entrapment has a limited application in this jurisdiction. It is a positive defense which necessarily assumes that the act charged was committed, but it is also an assertion that the criminal intent originated in the mind of someone else. The defense will not be allowed when the evidence indicates merely that the defendant was given an opportunity to commit the crime with which he was charged. The evidence must establish that the defendant was lured or induced, through the concerted efforts of police informants, "into committing a crime he had no intention of committing." *State v. Gray*, 69 Wn.2d 432, 434, 418 P.2d 725 (1966). The trier of fact, in a narcotic sale case, must be satisfied that the evidence supports "the conclusion that the intention to sell originated in the mind of the informant . . ." *State v. Waggoner*, 80 Wn.2d 7, 10, 490 P.2d 1308 (1971).

Had the jury in this case believed the defendant's story,

and reasonable inferences therefrom, they could have concluded that the defendant had no initial intent to deliver marijuana to the informers; that the intent to deliver originated in the mind of the informers; and that the defendant was induced or lured into delivering it through the concerted efforts of the police informants. Failure to advise the jury on the law of entrapment was prejudicial error.

Reversed and remanded for new trial.

PEARSON, C.J., and ARMSTRONG, J., concur.

Petition for rehearing denied November 7, 1973.

Review denied by Supreme Court December 14, 1973.