[No. 2214-1.    Division One.    April 8, 1974.]

THE STATE OF WASHINGTON, *Respondent,* v. SAMUEL SWAIN, JR., *Appellant.*

886

Richard B. Sanders, for appellant.

Christopher T. Bayley, Prosecuting Attorney, and Frederick L. Yeatts, Deputy, for respondent.

HOROWITZ, J.—Defendant, Samuel Swain, Jr., appeals from a conviction on two counts of delivery of heroin in violation of the Uniform Controlled Substances Act.

The sole question raised is whether, as a matter of law, defendant was entrapped so as to require the conviction be reversed and the charges dismissed.

The facts as the trial court found or could have found them are these. On October 21, 1972, about noon, Seattle Police Officer Harry C. Bailey was working as an undercover narcotics agent in Seattle, Washington. He was assisted by a Seattle police informer named Wade, a drug addict. Officer Bailey was acting in disguise so as not to reveal his identity as a police officer. While working together, Wade introduced Officer Bailey to defendant, a drug addict. Prior to the introduction, Bailey had neither seen the defendant nor known of him.

Wade, following the introduction, asked defendant if he could assist Bailey to make a buy of heroin. He explained that Bailey needed the heroin for "two broads" who were sick. Defendant expressed a willingness to make the purchase with the money to be furnished by Bailey. After an unsuccessful attempt to contact a proposed seller, defendant and Bailey agreed to meet about 2 p.m. that same day

to effect a purchase. Defendant and Bailey then met at the agreed time and the two drove in the latter's car to the Whirlwind Cafe at 19th and Yesler in Seattle, Washington. Defendant there requested and received from Bailey approximately $45 with which to buy some heroin. Defendant and Bailey entered the cafe. Bailey observed what he thought was a transaction between defendant and someone within the cafe. Defendant returned shortly thereafter, and he and Bailey left the cafe and reentered the car where defendant delivered to Bailey about one-half spoon of heroin, after retaining some for himself.

Defendant and Bailey then left after reaching an agreement that another buy would be made later that day. About 5 p.m., Bailey met defendant to make another buy. The two again drove to the Whirlwind Cafe. On this occasion, at defendant's request, Bailey gave him $90 with which to make the purchase. Defendant then went inside the cafe and returned with a spoon of heroin. He delivered the heroin purchased to Bailey and, as stated in defendant's brief, defendant "was compensated for his assistance." Before defendant and Bailey separated, defendant left his telephone number with the latter should he want to buy more heroin. Defendant was later charged and convicted of two counts of delivery of heroin, concurrent sentences being imposed. Defendant appeals. We find no error and affirm.

Defendant's sole assignment of error reads: "The Court erred when it concluded that the appellant was guilty of Counts II and III because the appellant was entrapped." Defendant contends that, as a matter of law, defendant was entrapped into committing the offenses charged whether the subjective or objective tests of entrapment are applied. Defendant argues that if the subjective test applies, the state failed to prove defendant had a predisposition to commit the crimes charged, as distinguished from a mere disposition to use; and if the objective test applies, the state convicted him on the basis of evidence of what he characterizes the state's "crime-producing activities." In effect, he

explains the characterization means "actively engaging in the *creation* of crime for the purpose of conviction."

■ RCW 69.50.401 makes it unlawful for "any person to . . . deliver, or possess with intent to . . . deliver, a controlled substance." Heroin is such a substance. RCW 69.50.204(c)(10). In *State v. Emerson,* 10 Wn. App. 235, 517 P.2d 245 (1973), we discussed the subjective and objective tests. We pointed out the subjective test was recently reaffirmed in *United States v. Russell,* 411 U.S. 423, 36 L. Ed. 2d 366, 93 S. Ct. 1637 (1973), and that test is followed in Washington. The Washington cases have applied this test. *State v. Waggoner,* 80 Wn.2d 7, 10, 490 P.2d 1308 (1971); *Seattle v. Evans,* 75 Wn.2d 225, 229, 450 P.2d 176 (1969); *State v. Gray,* 69 Wn.2d 432, 434, 418 P.2d 725 (1966).

*State v. Waggoner, supra* at 10-11, states:

Entrapment occurs only where the criminal design originates in the mind of the police officer or informer and not with the accused, and the accused is lured or induced into committing a crime he had no intention of committing. *State v. Gray,* 69 Wn.2d 432, 418 P.2d 725 (1966); *Sorrells v. United States,* 287 U.S. 435, 77 L. Ed. 413, 53 S. Ct. 210, 86 A.L.R. 249 (1932). The mere use of a decoy or informer to present an individual with an opportunity to commit a crime does not in itself constitute entrapment. *Seattle v. Gleiser,* 29 Wn.2d 869, 189 P.2d 967 (1948); *Brainin v. United States,* 314 F.2d 460 (5th Cir. 1963). In the case now before us, the evidence favoring appellant's contention of entrapment indicates only that appellant, for unexplained reasons, was initially reluctant to enter into the transaction. Even when viewed in the light most favorable to appellant, it does not support the conclusion that the intention to sell originated in the mind of the informant, Vonnie Crombie.

. . . [T]he testimony indicates that Mrs. Crombie employed no more persuasion than would be necessary to effect an ordinary sale. The record itself reveals that the activities of individuals such as Mrs. Crombie have made discretion and suspicion an operating principle for drug dealers in all of their sales. A police informant's use of a normal amount of persuasion to overcome this expected

resistance does not constitute entrapment and will not justify an entrapment instruction. *People v. Moraga,* 244 Cal. App. 2d 565, 53 Cal. Rptr. 563 (1966).

■ Certain principles should be borne in mind in considering whether entrapment exists. First, mere solicitation by a police officer or other state agent to commit the crime is not entrapment. *See People v. Fritz,* 11 Cal. App. 3d 523, 89 Cal. Rptr. 844 (1970); *People v. Scott,* 186 Cal. App. 2d 661, 9 Cal. Rptr. 75 (1960); *State v. Franco,* 76 Utah 202, 289 P. 100 (1930). To constitute entrapment by the state, a person must be "lured or inveigled" into committing the crime solicited. *State v. Curry,* 70 Wn.2d 383, 422 P.2d 823 (1967). Thus, a distinction exists between mere solicitation and undue solicitation. *United States v. Walton,* 411 F.2d 283 (9th Cir. 1969); *United States v. Perkins,* 190 F.2d 49 (7th Cir. 1951); *State v. Martinez,* 83 N.M. 13, 487 P.2d 923 (1971). As stated in *State v. Waggoner, supra* at 11:

A police informant's use of a normal amount of persuasion to overcome this expected resistance does not constitute entrapment and will not justify an entrapment instruction.

The fact that solicitation is made in connection with an appeal to sympathy or to friendship does not constitute undue solicitation. *People v. Hall,* 25 Ill. 2d 297, 185 N.E.2d 143 (1962), *cert. denied,* 374 U.S. 849, 10 L. Ed. 2d 1069, 83 S. Ct. 1912 (1963); *People v. Washington,* 81 Ill. App. 2d 162, 225 N.E.2d 673 (1967), *cert. denied,* 390 U.S. 991, 19 L. Ed. 2d 1298, 88 S. Ct. 1190 (1968); *People v. Hatch,* 49 Ill. App. 2d 177, 199 N.E.2d 81 (1964). *See* Note, *People v. Dollen and United States v. Russell: New Developments in the Defense of Entrapment,* 23 DePaul L. Rev. 570, 582 n.76 (1973); Annot., 33 A.L.R.2d 883 (1954), 32-39 A.L.R.2d L.C.S. 163-89 (1969). Furthermore, the police, in affording a suspect with an opportunity to violate the law, may use deception, trickery or artifice. *State v. Gray, supra.*

■ Second, proof of ready complaisance on the part of the person solicited by the police officer or state agent to commit the crime is evidence of predisposition to commit

the crime. *People v. Ferguson*, 261 Cal. App. 2d 807, 68 Cal. Rptr. 431 (1968); *People v. McSmith*, 23 Ill. 2d 87, 178 N.E.2d 641 (1961); *People v. Ovalle*, 10 Mich. App. 540, 159 N.W.2d 847 (1968). Even if a predisposition to commit the crime is not established in connection with the first offense, the fact that the person committed the first offense is evidence of a predisposition to commit the second offense when it occurs. *Sullivan v. United States*, 219 F.2d 760 (D.C. Cir. 1955); *Shanks v. Commonwealth*, 463 S.W.2d 312 (Ky. Ct. App. 1971); Annot., 33 A.L.R.2d 883, 886 (1954).

■ Third, the services of a drug addict may be used by police to solicit or assist in the solicitation of the commission of the crime. *State v. Rainey*, 184 La. 547, 166 So. 670 (1936). *See also* Annot., 33 A.L.R.2d 883, 891-902 (1954).

■ Fourth, although there is some support for a contrary view, the state need not show the police in soliciting the commission of the crime had a reasonable suspicion the defendant had a predisposition to commit it. *State v. Le-Brun*, 245 Ore. 265, 419 P.2d 948 (1966), *cert. denied*, 386 U.S. 1011, 18 L. Ed. 2d 440, 87 S. Ct. 1357 (1967).

Fifth, the defense of entrapment is basically an inquiry into the intention of the defendant, and that intention along with questions of inducement, ready complaisance and other evidence of predisposition, may raise an issue of fact. *State v. Curry, supra*; *Lutfy v. United States*, 198 F.2d 760, 33 A.L.R.2d 879 (9th Cir. 1952); *Peters v. State*, 248 Ark. 134, 450 S.W.2d 276 (1970); Annot., 33 A.L.R.2d 883, 902-06 (1954).

Sixth, case law is divided on the question of burden of proof. There are basically two lines of cases. There is case support for the view that the burden is on defendant to prove both police inducement to commit the crime and defendant's absence of a propensity to commit it when opportunity is afforded. *State v. Brown*, 287 A.2d 400 (Del. Super. Ct. 1972) (discussing the competing rules). A second line of cases places the burden on the state to prove beyond a reasonable doubt that entrapment did not exist when that issue is raised. *United States v. Brown*, 421 F.2d

1283 (9th Cir. 1970), *cert. denied,* 398 U.S. 941, 26 L. Ed. 2d 276, 90 S. Ct. 1855 (1970); *People v. Dollen,* 53 Ill. 2d 280, 290 N.E.2d 879 (1972); *Smith v. State,* 281 N.E.2d 803 (Ind. 1972). It is sometimes stated the burden is on defendant to show police inducement, but once shown the burden is upon the state to show defendant had a propensity to commit the crime charged. *United States v. Prieto-Olivas,* 419 F.2d 149 (5th Cir. 1969); *United States v. Sherman,* 200 F.2d 880 (2d Cir. 1952).

In the instant case, defendant raised the defense of entrapment by testimony and argument. The testimony of defendant on the defense of entrapment differed from that of the state. Finding of fact No. 2, not assigned as error, reads:

> In mid-afternoon [on October 21, 1972], in Seattle, King County, the defendant Samuel Swain, Jr. indicated he could get some heroin for Bailey. He took approximately $45 from Bailey, and the two entered the Whirlwind Cafe. Bailey observed what he thought was a transaction between Swain and another; Swain returned and said he had gotten the "stuff". Back in the car, Swain delivered approximately one-half spoon of heroin to Bailey.

Finding of fact No. 3 reads:

> Later that day, they returned to the Whirlwind Cafe where Swain took $90 from Bailey and went inside; he returned minutes later and delivered a spoon of heroin to Bailey.

There is no specific and express reference to entrapment. Nevertheless, the defense was considered as shown by the following excerpt from the court's oral opinion, which is consistent with the findings and conclusions:

> Mr. Bailey testified that Swain told him he could arrange for Bailey to buy good quality dope. The testimony of Mr. Bailey is that Swain asked for the money. The money was given to go in. Swain was introduced to Bailey by Mr. Wade on that same day, October 21. It was not a long term persuasive relationship but . . . there was testimony of Mr. Swain's willingness to make more buys.

The agent of the Government, either Bailey or Wade, indicated to Mr. Swain, "Where we can find the good stuff?" There was testimony that Wade did not ask for the purchase.

In any event, Swain agreed to make the buy and Bailey gave Wade his money and Swain handled the money.

The factual issue as to whether or not the Government agent was [sic] convinced an otherwise unwilling person, Mr. Swain, to commit a criminal act and whether the defendant was already predisposed to commit the act. It is a narrow issue but the Court has found that Mr. [Swain] was presented with an opportunity to perform the illegal act and he followed through with that opportunity.

The court concluded:

The state has proved beyond a reasonable doubt that on 21 October 1972, the defendant, Samuel Swain, Jr., did deliver a controlled substance and a narcotic drug, heroin, to another, as alleged in both Counts II and III; therefore, the defendant, Samuel Swain, Jr. is guilty of the crime of violation of the Uniform Controlled Substances Act, as charged in Counts II and III of the amended information.

Conclusion of law No. 3.

■ The court necessarily found and concluded from the facts found that the defense of entrapment had not been made out and that, on the contrary, the state had proved defendant guilty as charged "beyond a reasonable doubt." *See Whatcom Builders Supply Co. v. H.D. Fowler, Inc.*, 1 Wn. App. 665, 463 P.2d 232 (1969). The court's conclusion and judgment based thereon is supportable regardless of which of the two rules concerning burden of proof is applied. The fact of predisposition to deliver (even if for the purpose of obtaining heroin for personal use), is established by the state's testimony concerning defendant's ready complaisance at the time of each of the two buys. The benefits from ready complaisance are evident. On the first delivery, defendant sought to benefit therefrom by obtaining heroin for himself. On the second delivery, he sought to receive compensation for his help. Indeed, following the second

delivery, defendant left his telephone number with Officer Bailey should the latter want the former's assistance in making future buys. The fact that a drug addict was used as an informer and that defendant was a drug addict as well, under the evidence here, makes no difference. *See Trent v. United States,* 284 F.2d 286 (D.C. Cir. 1960). The state's testimony shows there was no undue solicitation.

We find no error and affirm.

SWANSON, C.J., and FARRIS, J., concur.

Petition for rehearing denied May 14, 1974.

Review denied by Supreme Court July 30, 1974.