[No. 4002–0–III.   Division Three.   December 10, 1981.]

The State of Washington, *Respondent,* v. John Wesley Keller, *Appellant.*

*E. Bronson Potter* and *Whitlock, Potter & Saunders,* for appellant.

*L. Eugene Hanson, Prosecuting Attorney,* for respondent.

THOMPSON, J.*—John W. Keller appeals from a conviction of delivery of a controlled substance. RCW 69.50-.401(a). The issue presented is whether the trial court erred in refusing to give his proposed entrapment instructions to the jury. We reverse.

On April 11, 1979, two deputy sheriffs from Klickitat County, one deputy from Clark County, and an informant from Vancouver, Washington, drove to defendant's residence, located 15 miles north of White Salmon, Washington. While two of the officers waited in a patrol car, one officer and the informant proceeded to defendant's home. When they knocked, a small child opened the door. The informant, with whom defendant was acquainted, introduced the officer to defendant as his friend. After a casual conversation, defendant was asked if he had any marijuana to sell. Defendant obtained a small, ceramic jar from the kitchen containing marijuana which belonged to his wife and the officer purchased one–fourteenth of an ounce for $30. The meeting lasted approximately 1 hour. Subsequently, the informant contacted defendant to arrange a second purchase; however, no additional sales were made.

The officer and informant who purchased the marijuana testified defendant had given the informant an open invitation to visit. The subject of a drug sale arose after 30 to 40 minutes of casual conversation. Defendant was initially reluctant to sell the marijuana because it belonged to his wife. However, he informed them he was expecting a new shipment of marijuana and would contact them when it arrived.

Defendant, on the other hand, testified the informant

---

*Judge Philip J. Thompson is serving as judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

contacted him prior to the meeting to arrange a drug sale. He told the informant he did not sell drugs. He further stated the officer and informant began imploring him to sell them drugs immediately upon entering his home and the transaction occurred only after repeated requests.

> I wanted them to leave and it just seemed like the—they weren't really friends of mine and I didn't want to be bothered about people trying to talk me into doing something that I really didn't want to do. And after they had continuously for an hour kept pleading with me how far they had driven, I finally just went and got the only that I had. I told them that that was all that I had, that it was for my personal use. And I set the little jar on the coffee table. I didn't tell him that he could buy it. I as much as was giving it to him, but he took the money out of his pocket just before he left, and he said, "I'm not going back to Vancouver empty-handed," and threw—just reached in his pocket and threw his money down on the table and picked up the little package and left.

When asked why he sold the marijuana, defendant stated:

> I was put in a mental position of, not being a rude person, I wouldn't tell the gentlemen to leave; that I was getting tired of being accused of selling marijuana; that I had no reason to believe that the gentlemen were police officers, so that wouldn't cause me to refrain from selling it to them. I just don't sell marijuana and they were making me feel like I was obligated to sell them some marijuana just because they had driven so far.

Defendant's proposed instructions on the issue of entrapment[1] were refused and he appeals.

Defendant contends there was substantial evidence to support an instruction on entrapment. On the other hand,

---

[1] RCW 9A.16.070 provides:

"Entrapment. (1) In any prosecution for a crime, it is a defense that:

"(a) The criminal design originated in the mind of law enforcement officials, or any person acting under their direction, and

"(b) The actor was lured or induced to commit a crime which the actor had not otherwise intended to commit.

"(2) The defense of entrapment is not established by a showing only that law enforcement officials merely afforded the actor an opportunity to commit a crime."

the State contends the evidence was insufficient to submit defendant's proposed instructions because (1) defendant did not show the conduct of the officer or informant was unfair or outrageous but only showed they provided an opportunity for defendant to enter into the transaction, and (2) the only evidence addressing this issue was defendant's uncorroborated testimony. We disagree with the State's contentions and hold the instructions should have been given.

■ First, it is true as the State argues that use by police officials of a normal amount of persuasion to facilitate the commission of a crime does not constitute entrapment. *State v. Waggoner*, 80 Wn.2d 7, 10–11, 490 P.2d 1308 (1971). However, it is not necessary to prove outrageous conduct when asserting the statutory defense. That evidence is relevant only if it is contended the conduct violated due process. *State v. Walker*, 11 Wn. App. 84, 88, 521 P.2d 215 (1974). *See, e.g., United States v. Russell*, 411 U.S. 423, 36 L. Ed. 2d 366, 93 S. Ct. 1637 (1973); *Hampton v. United States*, 425 U.S. 484, 48 L. Ed. 2d 113, 96 S. Ct. 1646 (1976); *State v. Emerson*, 10 Wn. App. 235, 238, 517 P.2d 245 (1973). Here, defendant's argument is based upon the statutory elements of the defense, not due process principles. The essence of the defense is (a) an absence of propensity, and (b) an inducement or persuasion from governmental authorities to commit the crime. *State v. Walker, supra* at 87; RCW 9A.16.070. In *State v. Morgan*, 9 Wn. App. 757, 759, 515 P.2d 829 (1973), the court explained:

> The defense of entrapment has a limited application in this jurisdiction. It is a positive defense which necessarily assumes that the act charged was committed, but it is also an assertion that the criminal intent originated in the mind of someone else. The defense will not be allowed when the evidence indicates merely that the defendant was given an opportunity to commit the crime with which he was charged. The evidence must establish that the defendant was lured or induced, through the concerted efforts of police informants, "into committing a

crime he had no intention of committing." *State v. Gray,* 69 Wn.2d 432, 434, 418 P.2d 725 (1966).

*See also State v. Swain,* 10 Wn. App. 885, 520 P.2d 950 (1974).

■ Second, defendant's testimony regarding his state of mind is relevant to establishing the defense.[2] In *State v. Swain, supra* at 890, the court pointed out:

> [T]he defense of entrapment is basically an inquiry into the intention of the defendant, and that intention along with questions of inducement, ready complaisance and other evidence of predisposition, may raise an issue of fact.

■ The evidence in this case, and the inferences which may be drawn therefrom, create an issue of fact whether the official's conduct constituted undue persuasion inducing defendant to make the drug sale. It is undisputed the officer and informant traveled a good distance to arrange for the sale, remained in defendant's home for an hour, and purchased only one–fourteenth of an ounce of marijuana which belonged to his wife. Additionally, the informant, not defendant, attempted to arrange for a second sale after the initial transaction and was unsuccessful in that endeavor. Based on these facts, the trier of fact could choose to believe defendant's testimony that he was not a drug dealer but sold the marijuana only after countless requests and the crime originated in the minds of the law enforcement officials.[3]

---

[2] *See State v. Morgan, supra* (the court reversed the trial court's refusal to give an instruction based upon defendant's testimony); *State v. Curry,* 70 Wn.2d 383, 422 P.2d 823 (1967) (the trial court's refusal to give an instruction was deemed proper where defendant did not testify as to his state of mind indicating he was lured into making a sale).

[3] The State suggests that evidence of a prior sale by defendant to an undercover agent establishes defendant's propensity for selling drugs. However, the prosecution's offer of proof showed the substance sold was a mixture of aspirin and caffeine and, therefore, the charges were dismissed. The prosecution chose not to introduce this evidence in light of the court's decision to exclude any entrapment instructions. Neither party has fully addressed the admissibility of this evidence. Consequently, neither do we. That determination should be ruled on in the

In the trial of a criminal case, the court must instruct the jury on the law as to any legitimate defense advanced by the defendant when there is evidence to support that theory.

*State v. Kerr,* 14 Wn. App. 584, 587, 544 P.2d 38 (1975). The failure to do so constitutes reversible error. *State v. Ladiges,* 66 Wn.2d 273, 401 P.2d 977 (1965); *State v. Birdwell,* 6 Wn. App. 284, 492 P.2d 249 (1972).

This case is, therefore, reversed and remanded for new trial.

McINTURFF, C.J., and GREEN, J., concur.

context of the retrial. Our decision to allow the entrapment instruction is not affected by this evidence. It is for the trier of fact to decide whether the defense has been established.