[No. 24559-1-II. Division Two. March 31, 2000.]

THE STATE OF WASHINGTON, *Appellant*, v. CHARLES R. HAMPTON, *Respondent*.

*Edward Holm, Prosecuting Attorney*, and *Philip Lawrence Harju, Deputy*, for appellant.

*James Ward Lawler* of *Olson, Althauser, Lawler & Samuelson*, for respondent.

HOUGHTON, J. — The State appeals the arrest of judgment and dismissal of Charles Hampton's conviction for offering a false instrument for filing, arguing the trial court erred in finding that the Lewis County Health Department (Health Department) lacked statutory authority to accept the instrument submitted by Hampton for filing. We reverse and remand for further proceedings.

## FACTS

The material facts are undisputed. In April 1994, Charles

Hampton worked as a sanitarian for the Health Department. In this capacity, Hampton's duties included inspecting the installation and repair of sewage systems.

On April 25, 1994, Hampton conducted a final inspection of William Forth's sewage disposal system at 191 Forth Road in Lewis County. On May 10, 1994, Hampton signed and submitted a final inspection form to the Health Department. An employee of the Health Department put the form into the Department's file and entered the information in its computer database. Hampton's submitted form incorrectly identified the designer of the sewage system and falsely stated that a required designer's certificate had been obtained.

On September 18, 1998, the State charged Hampton with offering a false instrument for filing. The jury returned a guilty verdict. Defense counsel moved to arrest the judgment, arguing that the State failed to prove an element of the offense—namely, it failed to show any statute or rule that required or permitted the filing of the final inspection form with the Health Department. The trial court agreed and arrested judgment.

The State appeals.

## ANALYSIS

### A. Offering a False Instrument for Filing

RCW 40.16.030, which makes it a felony to file a false instrument in a public office, provides:

> Every person who shall knowingly procure or offer any false or forged instrument to be filed, registered, or recorded in any public office, which instrument, if genuine, might be filed, registered or recorded in such office under any law of this state or of the United States, shall be punished by imprisonment in a state correctional facility for not more than five years, or by a fine of not more than five thousand dollars, or by both.

Here, it is undisputed that the final inspection form con-

stituted an instrument within the meaning of the statute. Nor does either party challenge the finding that Hampton knowingly presented the false form to the Health Department to be filed, thereby satisfying the first element of the offense. The sole issue is whether the Health Department was authorized to accept Hampton's submission of the final inspection form for filing.

To resolve this question, we interpret and decide the proper meaning of the statute's second clause, "which instrument, if genuine, might be filed, registered or recorded in such office under any law of this state or of the United States[.]" The parties agree that the clause requires proof that the defendant offered the false filing to a public office authorized to accept the document. For example, Hampton would not have been guilty had he filed the final inspection form with the police department, as the police department lacked authority to accept the form.

But the parties disagree as to how to determine whether a public office is authorized to accept the document submitted for filing. The State contends that authorization can be implied from statutory authority requiring the Health Department to oversee the sewer permit and installation process. Hampton counters that a regulation or statute must explicitly authorize the filing.

▮ Under RCW 70.05.060, the Lewis County Board of Health established rules and regulations governing the construction and installation of sewage disposal systems. These regulations have the force of law. *Spokane County Health Dist. v. Brockett*, 120 Wn.2d 140, 147-48, 839 P.2d 324 (1992) (broad authority vested in Board of Health is "direct delegation of the police power" derived from CONST. art. XI, § 11) (citations omitted). The stated purpose of the regulations was to protect the health, safety and welfare of the people of Lewis County, as sewage disposal regulation is necessary to control environmental pollution and the sources of communicable disease. LEWIS COUNTY CODE (LCC) 8.40.010. The regulations govern all who construct or alter sewage systems within the county. LCC 8.40.020.

 These rules required the Health Department to oversee the permit application process. LCC 8.40.020–.030, .050. This oversight included reviewing the permit application, issuing or denying permits, and conducting a final inspection prior to the backfilling of the excavations. LCC 8.40.030, .090, .140, .150. The final inspection by a Health Department official was mandatory, and the applicant could not close the septic construction until the sewage system had been inspected and approved. LCC 8.40.140, .150. If the final inspection identified any inadequacies in the system, the rules required the applicant to make all the necessary corrections and request another inspection. The Health Department could not sign the permit before the sewage system had been inspected and approved. LCC 8.40.140, .150.

It follows that the Health Department was authorized to accept and file forms memorializing the inspection, for statutory authorization to regulate the sewer permit and installation process constitutes authorization for the Health Department to accept all documents relevant to the process. As observed by our Supreme Court, the Legislature's intent in enacting RCW 40.16.030 was to criminalize the offering of false instruments for filing in a public office where the government office would justifiably rely on the submission. *State v. Price*, 94 Wn.2d 810, 819, 620 P.2d 994 (1980).

In summary, the trial court erred in finding that the Health Department lacked statutory authority to accept Hampton's submission of the final inspection form for filing. The Health Department was statutorily required to oversee the sewage permit and installation process, and it had the authority to accept any documents relevant to that process. Such an interpretation furthers the intent of RCW 40.16.030, which seeks to criminalize the offering of false instruments for filing in a public office where the government would justifiably rely on the submission. Here, given that the Health Department oversaw the sewage permit and installation process, it justifiably relied upon the

submission of the final inspection form, even if a regulation did not explicitly authorize the filing of the document.

## B. Arrest of Judgment

Having concluded that the Health Department possessed the authority to accept the final inspection form submitted for filing, the only issue is whether the jury was presented with sufficient evidence to make that finding. The answer is yes.

█ A motion for arrest of judgment challenges the sufficiency of the evidence to take the case to the jury. *State v. Pleasant*, 38 Wn. App. 78, 80, 684 P.2d 761 (citing *State v. Randecker*, 79 Wn.2d 512, 487 P.2d 1295 (1971)), *review denied*, 103 Wn.2d 1006 (1984). We determine whether the evidence is legally sufficient to support the jury's finding. *Pleasant*, 38 Wn. App. at 80. In doing so, we "must assume the truth of the State's evidence and view it most strongly against the defendant in a light most favorable to the State." *Pleasant*, 38 Wn. App. at 80. We do not weigh the evidence but rather decide if a sufficient quantum of evidence exists for any rational trier of fact to find guilt beyond a reasonable doubt. *State v. Coleman*, 54 Wn. App. 742, 747, 775 P.2d 986, *review denied*, 113 Wn.2d 1017 (1989).

Here, the State presented evidence that the Health Department oversaw the sewer permit and installation process, the process was controlled by regulations that had the force of law, and that the final inspection form was a document relevant to the sewer permit and installation process. This was sufficient to allow a jury to find the Health Department possessed the authority to accept the final inspection form. Thus, the trial court erred in arresting judgment.

Reversed and remanded for further proceedings consistent with this opinion.

ARMSTRONG, A.C.J., and MORGAN, J., concur.

Review granted at 141 Wn.2d 1011 (2000).