[No. 69651-9. En Banc.]
Argued January 18, 2001.     Decided June 7, 2001.

THE STATE OF WASHINGTON, *Respondent*, v. CHARLES R. HAMPTON, *Petitioner*.

*Robert M. Quillian*, for petitioner.

*Edward G. Holm, Prosecuting Attorney*, and *Philip L. Harju, Deputy*, for respondent.

BRIDGE, J. — We are asked to decide whether sufficient evidence was presented by the State to conclude that a document, the filing of which was neither expressly nor impliedly permitted by any statute or regulation, comes within the scope of RCW 40.16.030.

Petitioner Charles Hampton (Hampton) was charged and convicted of the crime of offering a false instrument for filing in violation of RCW 40.16.030. On a motion by defense counsel, the trial court entered an order to arrest the judgment and dismiss with prejudice, finding that the State failed to provide evidence of any law of the State of Washington that required or permitted the filing of a final inspection form with the Lewis County Health Department (Department). The Court of Appeals reversed, holding that the Department was required by statute to oversee the

sewage permit and installation process and therefore had the authority to accept documents relevant to that process. The Court of Appeals found that the Department's authority to accept the final inspection form and its reliance on the form were sufficient to support a conviction for filing a false document, even absent a regulation referencing the filing of the document. We reverse.

## FACTS

Hampton was employed by the Department from April 1992 through December 1998. His duties included inspecting the repair and installation of sewage systems. On April 25, 1994, Hampton conducted a final inspection for property owner William Forth. Following this inspection, Hampton completed an internal document called the "Final Inspection Form." This form indicated that the designer of the sewage system was "Flemming" and noted that a designer certification was required and had been received on May 10, 1994.[1] Hampton wrote, "Okay to close" on the final inspection form, signed and dated it, and filed it with the environmental health office of the Department.[2]

The final inspection form incorrectly indicated that a Mr. Flemming was the designer, when Mr. Forth had in fact designed the system. No designer certification was ever received by the Department.

On September 18, 1998, the State charged Hampton with the crime of offering a false instrument for filing. Following trial, the jury returned a guilty verdict. Then, upon motion by defense counsel, the trial court arrested judgment and dismissed the charge with prejudice. The trial court found that the State had failed to prove an element of the offense, as it had shown no evidence as to any law of the State of Washington that required or permitted the final inspection form to be filed with the Department.

On appeal, the State argued that the fact that the

---

[1] Br. of Appellant, App. B.

[2] *Id.*

Department had the statutory *authority* to *accept* the final inspection form for filing was sufficient to implicate the false instrument prohibition. The Court of Appeals agreed that the sole issue was whether the Department was *authorized* to *accept* Hampton's submission and held that such authority was implied from statutory authority requiring the Department to oversee the sewer permit and installation process.[3] Hampton sought review by this court, which we granted.

## ANALYSIS

■ The issue before us is whether sufficient evidence was presented by the State to conclude that a document, the filing of which was authorized to be received but neither expressly nor impliedly permitted by any statute or regulation to be filed, comes within the scope of RCW 40.16.030. The standard of review for determining the sufficiency of the evidence "is whether, after viewing the evidence most favorable to the State, *any rational trier of fact* could have found the essential elements of [the crime] *beyond a reasonable doubt.*" *State v. Green*, 94 Wn.2d 216, 221-22, 616 P.2d 628 (1980).

Hampton was charged with violating RCW 40.16.030, which provides:

> Every person who shall knowingly procure or offer any false or forged *instrument* to be filed, registered, or recorded in any public office, which instrument, if genuine, *might be filed,* registered or recorded in such office *under any law of this state or of the United States*, shall be punished by imprisonment in a state correctional facility for not more than five years, or by a fine of not more than five thousand dollars, or by both.

(Emphasis added.) Hampton argues that the final inspection form that he filed does not constitute an instrument within the meaning of the statute.

Only one case in Washington has specifically construed

---

[3] *State v. Hampton*, 100 Wn. App. 152, 996 P.2d 1094 (2000).

the meaning of the term "instrument" in RCW 40.16.030. *State v. Price*, 94 Wn.2d 810, 620 P.2d 994 (1980). In *Price*, this court considered the analysis of other jurisdictions. We first rejected the extremely limited analysis of the California courts, which defined an instrument as " 'an agreement expressed in writing, signed, and delivered by one person to another, transferring the title to or creating a lien on real property, or giving a right to a debt or duty.' " *Id.* at 817 (quoting *People v. Fraser*, 23 Cal. App. 82, 84-85, 137 P. 276 (1913)). We then rejected the broad definition of the Arizona Supreme Court, which held that any document required or permitted by a state government agency is sufficiently important to be included within the scope of the statute. *Price*, 94 Wn.2d at 818; *Lewis v. State*, 32 Ariz. 182, 188, 256 P. 1048 (1927). "We are not persuaded by either the California or Arizona analysis. . . . [W]e do not believe the legislature intended the substantial penalties of [RCW 40.16.030] to be universally applicable whenever a piece of paper may be filed in a public office." *Price*, 94 Wn.2d at 818.

Instead, we agreed with New York's approach to analyzing the status of an instrument and focused on the document's character and content. *Id.* at 818-19; *People v. Bel Air Equip. Corp.*, 39 N.Y.2d 48, 346 N.E.2d 529, 382 N.Y.S.2d 728 (1976). To be properly considered an instrument under this analysis, a document must fall within the literal scope of a statute and be of " 'a character that the mischief the statute seeks to prevent would ensue if the document were filed.' " *Price*, 94 Wn.2d at 819 (quoting *Bel Air Equip. Corp.*, 39 N.Y.2d at 54-55). With that background, we enunciated the test in Washington for defining an instrument under our state statute:

> RCW 40.16.030 encompass[es] a document which is *required or permitted by statute or valid regulation* to be filed, registered, or recorded in a public office if (1) the claimed falsity relates to a material fact represented in the instrument; and (2a) the information contained in the document is of such a nature that the government is required or permitted by law, statute or valid regulation to act in reliance thereon; or (2b) the informa-

tion contained in the document materially affects significant rights or duties of third persons, when this effect is reasonably contemplated by the express or implied intent of the statute or valid regulation which requires the filing, registration, or recording of the document.

*Id.* (emphasis added). This test in effect contains three separate requirements. First, the document must be required or permitted *by statute or valid regulation.* It must fall within the literal scope of a state law. Secondly, the test requires that the content of the document be scrutinized for materiality. Finally, the court must consider the likelihood and extent of others' reliance on the document. Because we determine that the first requirement of this test is not satisfied by the present case, we need not reach the second and third requirements.

In construing the requirements of RCW 40.16.030, our duty is to give effect to the intent of the Legislature. *State v. Johnson,* 119 Wn.2d 167, 172, 829 P.2d 1082 (1992). We determine legislative intent by examining the statute as a whole. *State v. Hansen,* 122 Wn.2d 712, 717, 862 P.2d 117 (1993). Penal statutes must be construed "so that only conduct which is clearly within the statutory terms is subject to punitive sanctions." *Johnson,* 119 Wn.2d at 172.

According to the plain language of the statute, any offending filing must occur "under any law of this state or of the United States." RCW 40.16.030. In *Price,* we found that RCW 40.16.030 requires that a document be "required or permitted by law, statute or valid regulation." *Price,* 94 Wn.2d at 819. Relying on this language, Hampton argues that there must be some specific language in a law, statute, or valid regulation that mentions the document at issue. He contends that because no such law, statute, or regulation was put into evidence in this case, his conduct does not fall within the scope of RCW 40.16.030 and that there was insufficient evidence, as a matter of law, from which a rational trier of fact could have found him guilty. The trial court agreed, finding that the State had produced no evidence of any law requiring or permitting the filing of the final inspection form.

On appeal, the State argued that the statutory provisions that require the Department to oversee the permitting and installation of sewage systems authorize the Department to accept the filing of any related documents. Specifically, the State points to RCW 70.05.060, which empowers local health boards to enact rules and regulations necessary to improve, promote, and preserve the public health. Under this statute, the rules and regulations of the Department have the force of law.

At trial, the State introduced a copy of the Lewis County "On-Site Sewage Disposal System Rules and Regulations" (Sewage Regulations). Section 4 of this document sets forth the permit application process. Nowhere in these regulations does the Department explicitly refer to a final inspection form. The form cannot, therefore, be considered within the literal scope of the regulations.

The State argued, however, that the Sewage Regulations *imply* that a record of the final inspection must be filed in order to comply with Department requirements. The Court of Appeals agreed with the State. In considering the Sewage Regulations, the Court of Appeals noted that its rules required the Department to oversee the permit application process. Sewage Regulations §§ 4.01-4.04. Under section 4.04, a final inspection must be completed by a Department official before backfilling may commence. Section 4.04 of the Sewage Regulations also prohibits the Department from signing a permit before the sewage system has been inspected and approved. Combining the Department's statutory authority under RCW 70.05.060 and the Sewage Regulations with their references to a final inspection, the Court of Appeals determined that the Department was authorized to accept and file forms memorializing the final inspection. In other words, the Court of Appeals found that the final inspection form was *permitted* to be filed by *implication* in the interaction of statute and regulation.

Because the parties agreed that the final inspection form is not explicitly required under any law, we must determine

whether the Sewage Regulations fairly implied that the final inspection form was permitted to be filed so as to fall within the scope of RCW 40.16.030 and expose Hampton to criminal liability.

Our case law suggests that the permission by a statute or regulation for a document to be filed must be explicit rather than implicit. In *Howard v. Shaw*, 10 Wash. 151, 38 P. 746 (1894), the appellant claimed he was entitled to rely on county records which demonstrated that a third party was the owner of a mortgage, and he therefore assumed that she was the owner even though she had assigned it; the respondent asserted that the law did not require or permit the assignment of the mortgage to be recorded. This court found that assignments of mortgages are not within the recording acts unless there are *express* provisions to that effect. *Id.* at 155. Although courts in other jurisdictions have held that assignments of mortgages were *impliedly* included among the instruments to be recorded, this court declined to follow their lead: "[O]ur statutes are too bare of any suggestion concerning assignments of this kind for us to make a judicial interpretation of them in favor of the appellant." *Id.* at 156. This court went on to say:

> [Gen. Stat.] § 1439 requires deeds and mortgages to be recorded, and makes the record constructive notice. Among the duties of the auditor, it is prescribed that he shall record "deeds, grants, transfers, and mortgages of real estate, releases of mortgages, etc.," and "such other writings as are *required or permitted by law* to be recorded." Id. [§] 199. And this is all there is upon the subject. The auditor is, by Id. § 200, required to index "every instrument concerning or affecting real estate," but that, of course, means every instrument which he is *legally authorized or required* to record.

*Id.* (emphasis added). Likewise, the documents at issue in *Price*, steelhead receiving tickets, were clearly referenced. Former WAC 232-12-212(2)(a), (b) (1977), *repealed by* St. Reg. 81-12-029 (June 1, 1981), explicitly required that steelhead receiving tickets be transmitted daily to the Department of Game. *Price*, 94 Wn.2d at 819.

In the present case, the Sewage Regulations do not mention or reference the final inspection form. Instead, the regulations merely describe the final inspection process as follows:

> The applicant may commence construction upon the receipt of the issued permit. Prior to the backfilling of the excavations, the permit holder shall request an inspection by the Department. In the event the Department disapproves or objects to a portion of the construction, it shall indicate the reasons therefore on the permit or inspection tag, and all necessary corrections must be completed and another inspection held before the permit may be signed by the Department. Backfilling shall not occur until the sewage system has been inspected and approved.

Sewage Regulations § 4.04. At the point of final inspection, the applicant has already been issued the permit and has posted it at the construction site. Sewage Regulations § 4.03. If the applicant does not pass the final inspection, the Department is to indicate its reasons on the permit itself. Section 4.04. Approval appears to be indicated by the Department's signing the permit. *Id.* Neither the rules nor regulations refer to a *final inspection form* by name, nor do they make reference to general tracking forms, processing forms, or inspection forms that must or may be filed. Whatever practice makes the filing of a final inspection form a requirement, no regulation *requires, permits,* or even *authorizes* the filing of such a form. On the facts of this case, it cannot be said that the final inspection form was either explicitly or implicitly permitted or required by law.

Testimony at trial indicated that the Department had a long-standing practice of filing a final inspection form for internal use. However, the fact that a custom exists does not mean it is legally authorized. As we recognized in *Howard* with regard to the filing of mortgage assignments:

> We have no doubt that the practice has long prevailed with the auditors in the state to record these instruments, and charge for it, as suggested by appellant, but we find no

authority for it in the statutes, and the custom does not, in this case, make the law.

*Howard*, 10 Wash. at 156. Long-standing practice that has no express statutory authority does not come within the scope of the phrase "required or permitted by law."

In its opinion, the Court of Appeals emphasized that the purpose of RCW 40.16.030 was to criminalize the filing of a false instrument where a government office would justifiably rely on the submission. *State v. Hampton*, 100 Wn. App. 152, 996 P.2d 1094 (2000). Yet, the substantial penalties of RCW 40.16.030 are not "to be universally applicable whenever a piece of paper may be filed in a public office." *Price*, 94 Wn.2d at 818. The document filed must first be required or permitted by law.

## CONCLUSION

Our decision in *Price* requires that a document must be required or permitted by statute or valid regulation in order to fall within the scope of RCW 40.16.030. Insufficient evidence was presented at trial that any statute or regulation expressly stated or even fairly implied that the "Final Inspection Form" at issue here was either required or permitted to be filed. The decision of the Court of Appeals is therefore reversed, and the arrest of judgment is reinstated.

ALEXANDER, C.J., SMITH, JOHNSON, MADSEN, IRELAND, CHAMBERS, and OWENS, JJ., and BROWN, J. Pro Tem., concur.