166 So. 670

STATE v. RAINEY.

No. 33788.

March 2, 1936.

Edwin I. Mahoney, of New Orleans, for appellant.

Gaston L. Porterie, Atty. Gen., and Charles A. Byrne, Dist. Atty., and Chandler C. Luzenberg, Jr., and Albert B. Granzin, Jr., Asst. Dist. Attys., all of New Orleans, for the State.

BRUNOT, Justice.

The accused was charged, in an indictment filed November 13, 1935, with feloniously and unlawfully possessing and having under his control a narcotic drug, viz., heroin.

The minutes of the court show that on November 14, 1935, the accused was arraigned, pleaded not guilty, and was remanded to await further proceedings. On November 21, 1935, the state and defendant's counsel announcing themselves ready for trial, a jury was regularly impaneled and sworn, the case was tried, a verdict of guilty as charged was returned, the jury was polled, and eleven of the jurors announced their concurrence in the verdict. The verdict was recorded and the accused was remanded to await sentence. A motion for a new trial was filed, considered, and overruled, and the accused was sentenced to serve not less than twenty months nor more than five years, at hard labor, in the Louisiana state penitentiary. From this verdict and sentence the accused appealed.

There is but one bill of exception in the record. It was reserved to the overruling of defendant's motion for a new trial. It is alleged in the bill that the verdict is contrary to the law, for the reason that the two witnesses for the prosecution are employees of the United States government, who illegally prepared a trap, and unlawfully conspired with a narcotic addict to procure evidence of a violation, by defendant, of the law penalizing the unlawful possession and control of a narcotic drug, thereby "consummating an inducement, and offering * * * an opportunity and temptation to defendant * * * to commit the crime charged against him."

The pertinent part of the judge's per curiam to the bill is as follows:

"Defense Counsel urges in effect that the testimony of the State witnesses, C. E. Miller and Thomas F. Maxwell, agents of the United States Government, should have been excluded from the jury's consideration for the reason set up in said motion for a new trial. Nothing I could say in support of my ruling would provide as good a test of the legality of the testimony of said witnesses as would be the reading of the testimony of said United States Government agents, and * * * I make the testimony of said two witnesses my per curiam to this Bill of Exceptions."

■ The record discloses that no objection was made, during the course of the trial, to the admissibility or legality of any testimony offered by the prosecution. This question was first raised in defendant's motion for a new trial. We quote article 502, Code Criminal Procedure:

"No error, not patent on the face of the record, can be availed of after verdict, unless objection shall have been made at the time of the happening of such error and unless at the time of the ruling on the objection a bill of exceptions shall have been reserved to such adverse ruling."

In the granting or refusal of a new trial, the discretion of the judge is so well fixed in the jurisprudence of this state that citation of the authorities would be superfluous. If no objection be made and bill reserved prior to verdict, it is only when there is an error of law, patent on the face of the record, that the supervisory or appellate jurisdiction of this court can be invoked to review his ruling on a motion for a new trial. Article 516, Code of Criminal Procedure.

■ We have read the testimony of the state witnesses which is attached to and made a part of the judge's per curiam to the defendant's bill of exception, and we fail to find in it a suggestion that any inducement was offered the accused, by any one, to commit the crime for which he was prosecuted and convicted. A narcotic addict was used by the witnesses to make the purchase, and by this means evidence of the guilt of the accused was obtained. . This may be the setting of a trap to catch the unwary, but, under the jurisprudence of Louisiana, evidence thus obtained is admissible on the trial of the case. In State v. Numa Dudoussat, 47 La.Ann. 977, 17 So. 685, this court held, quoting from the syllabus, the following:

"It is legitimate and proper to adopt devices or traps to detect crime, provided the device is not a temptation and solicitation to commit it."

The decision in the Dudoussat Case has not been modified or deviated from since its rendition.

For the foregoing reasons, we find no merit in the defendant's bill of exception. The ruling complained of is correct, and the verdict and sentence appealed from are affirmed.