IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of:<br><br>The Committed Intimate Relationship of<br><br>MICHELINA DE SIMONE,<br><br>                Respondent,<br><br>          v.<br><br>WINFRED DONNELL SMITH, II,<br><br>                Appellant. | No. 83923-3-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

DÍAZ, J. — A trial court found that Michelina De Simone and Winfred Smith II were in a committed intimate relationship. Smith argues the trial court did not have sufficient evidence to find a committed intimate relationship or to divide the property in the way it did, erred by consolidating its order on the parenting plan with the dissolution, and committed other errors. Finding no error, we affirm the trial court.

I.      BACKGROUND

The parties began a romantic relationship in 2008, which lasted through

September 2020. The parties bought a home together and continuously cohabitated from December 2012 through September 2020. They have two twin children together. De Simone made the down payment for the mortgage on the home. Otherwise, the parties split bills equally. The two held themselves out as a couple while they were together.

At some point, in 2020, the couple decided to end their relationship, with De Simone alleging Smith committed domestic violence. De Simone filed a petition to divide the property of a committed intimate relationship (CIR) and, apparently in a separate action,[1] a petition to establish parentage, which included a request to enter a parenting plan and to dissolve the CIR.

On the day of the trial of both matters, Smith did not appear in court and was unreachable. The court proceeded in his absence, hearing sworn testimony, and admitting the approximately 21 exhibits, including a list of assets, handwritten by De Simone. De Simone and a guardian ad litem (GAL) testified. The trial court also briefly advised the parties of having been acquainted with De Simone's mother, but noted that this did not likely rise to a level requiring recusal.

After trial, the court issued a "Final Order and Findings Regarding a Committed Intimate Relationship" (Final Order). The court found De Simone established that she and Smith were in a CIR and approved De Simone's petition for allocation of property. The court divided the assets roughly in half between the

---

[1] The designated court docket (a.k.a., clerk's papers) does not contain any evidence of two separate petitions, but in the record of proceedings, the court stated on the record, without objection, that there were two concurrent actions, one to recognize a CIR and, separately and in pertinent part, another to establish parentage and the parenting plan.

2

parties, awarding De Simone the house and Smith an equitable share of approximately $73,000.  The court declined to award either party attorney fees.[2]  Smith timely appeals.  De Simone did not file a brief in opposition.

## II.    ANALYSIS[3]

A.    Sufficiency of the Evidence for CIR and Property Allocation

We conclude the trial court had sufficient evidence to support its finding that the parties were in a CIR and to justify its allocation of their property.

### 1. Law

A CIR, formerly known as a "meretricious relationship," is a stable, marital-like relationship where both parties cohabitate with knowledge that a lawful marriage between them does not exist.  Connell v. Francisco, 127 Wn.2d 339, 346, 898 P.2d 831 (1995).  We examine five factors when determining if a meretricious relationship exists: (1) continuous cohabitation, (2) the duration of the relationship, (3) the purpose of the relationship, (4) the pooling of resources and services for

---

[2] The court also entered a parenting plan and child support order, which Smith does not challenge.  Thus, we will address them no further.

[3] Smith does not assign error to, but argues globally that the trial court erred by, proceeding without Smith's presence.  However, "it is well settled Washington law . . . that if one side fails to appear on the date set for trial, a single-party trial can proceed and the outcome of the trial will be a judgment on the merits, not a judgment by default."  In re Marriage of Olsen, 183 Wn. App. 546, 554, 333 P.3d 561 (2014).  Smith also argues that, while he had notice to appear, the trial court still erred because it did not state on the record that Smith had "true notice."  Smith offers no explanation of what "true notice" means or any authority as to why it is required.  Where a party fails to provide citation to support a legal argument, we assume counsel, like the court, has found none.  State v. Loos, 14 Wn. App. 2d 748, 758, 473 P.3d 1229 (2020).  Finally, "[w]e subscribe to the view . . . that, absent a showing of an abuse of discretion, trial courts must be supported in their effort to move cases along and prevent undue congestion in their calendars."  Wagner v. McDonald, 10 Wn. App. 213, 217, 516 P.2d 1051 (1973).

joint projects, and the (5) the intent of the parties. In re Marriage of Pennington, 142 Wn.2d 592, 601, 14 P.3d 764 (2000) (quoting Connell, 127 Wn.2d at 346).

"These characteristic factors are neither exclusive nor hypertechnical. Rather, these factors are meant to reach all relevant evidence helpful in establishing whether a meretricious relationship exists." Pennington, 142 Wn.2d at 602. Therefore, the facts of each case drive whether a trial court properly finds the existence of a CIR. Id.

"Once a trial court determines the existence of a [CIR], the trial court then: (1) evaluates the interest each party has in the property acquired during the relationship, and (2) makes a just and equitable distribution of the property." Connell, 127 Wn.2d at 349.

"We apply the abuse-of-discretion standard to a trial court's distribution of property following a [CIR]." Byerley v. Cail, 183 Wn. App. 677, 685, 334 P.3d 108 (2014). "Where 'substantial evidence' in the record does not support a finding from which a trial court draws a conclusion of law, the court has abused its discretion." Id. "[W]e defer to the trial court's unchallenged findings of fact, as well as challenged findings supported by substantial evidence in the record, but review de novo whether the trial court's legal conclusions properly follow from those findings." Id. at 686. Evidence is "substantial" if it would persuade a rational, fair-minded person of the finding's truth. Muridan v. Redl, 3 Wn. App. 2d 44, 55, 413 P.3d 1072 (2018).

2. Discussion

The first issue is whether the trial court had sufficient evidence to find the

parties were in a CIR. We apply the factors from <u>Pennington</u>. 142 Wn.2d at 601.

Continuous Cohabitation: The trial court found De Simone and Smith cohabitated from 2012 to 2020. This court previously has held that stable cohabitation for approximately six years is a factor in favor of finding of a CIR. <u>Muridan</u>, 3 Wn. App. 2d at 58. Smith does not challenge the duration of their cohabitation. De Simone and Smith's continuous cohabitation thus supports the court's finding of a CIR.

Duration of the Relationship: The trial court found Smith and De Simone's romantic relationship lasted approximately twelve years, from 2008 to 2020. In <u>Pennington</u>, the court found a 12-year relationship satisfied this factor. 142 Wn.2d at 604. "While a 'long term' relationship is not a threshold requirement, duration is a significant factor." <u>Muridan</u>, 3 Wn. App. 2d at 59 (quoting <u>Connell</u>, 127 Wn.2d at 346). Smith does not challenge the duration of the relationship. This "significant" factor supports the court's finding of a CIR. <u>Id.</u>

Purpose of the Relationship: De Simone testified, and the court found, the purpose of their relationship was to form a family unit. Indeed, the parties had two children together. Moreover, the two held themselves out as a couple. This court has held that parties acting as co-parents and presenting themselves as a couple support the notion that they have a common purpose in the relationship. <u>Muridan</u>, 3 Wn. App. 2d at 59.

In response, Smith argues that this finding is not sufficiently supported because the court heard only from De Simone. A trial court, however, has discretion to proceed to a trial on the merits when a party fails to appear. <u>See</u>,

e.g., In re Marriage of Olsen, 183 Wn. App. 546, 554, 333 P.3d 561 (2014) ("it is well settled Washington law . . . that if one side fails to appear on the date set for trial, a single-party trial can proceed and the outcome of the trial will be a judgment on the merits, not a judgment by default."). Smith does not explain why he did not attend trial, let alone specify what evidence he would have brought. We will not comb the record to construct Smith's argument for findings he would criticize or why the evidence would not support such findings. Matter of Estate of Lint, 135 Wn.2d 518, 532, 957 P.2d 755 (1998) (citing RAP 10.3). We conclude the factor addressing the purpose of the relationship supports the court's finding of a CIR.

Pooling of Resources: The trial court found the parties pooled resources for the house, bills, and other expenses. For example, De Simone made the down payment for their shared home, and Smith and she split bills approximately equally. The parties both contributed toward remodeling their shared house, utilities, and the mortgage. This court has found pooling some of the parties' individual finances is sufficient to favor this factor, even if some expenses are separated. Muridan, 3 Wn. App. 2d at 59-60. Smith does not challenge these facts with any specificity and we need not consider such empty challenges. Elliott, 114 Wn.2d at 15. And, as we defer to the trial court's findings of fact where they are supported by substantial evidence as here, Byerley, 183 Wn. App. at 686, this factor supports the court's finding of a CIR.

Intent of the Parties: The trial court found De Simone and Smith demonstrated their intent to form and remain in a CIR, with the knowledge that they were not married. In particular, the court noted that Smith evinced his intent

to remain in a CIR by filling out an affidavit of domestic partnership in 2013. Smith again does not offer any specific counter arguments against this finding. This factor supports the court's conclusion.

In response to this collective evidence, Smith generally avers that it is error to characterize Smith and De Simone's relationship as "meretricious" and that genuine issues of material fact remain about the nature of their property ownership. However, first, he refers to information outside the record when making this claim and thus, we may not consider it. The party presenting an issue for review has the burden of providing an adequate record to establish such error. Matter of Marriage of Lesinski & Mienko, 21 Wn. App. 2d 501, 517 n.2, 506 P.3d 1277 (2022).

Smith, second, does not challenge any of the trial court's particular findings of fact with specificity, and it is not the task of the appellate court to search the record to support his arguments. Lint, 135 Wn.2d at 532 ("It is incumbent upon counsel to present the court with argument as to why specific findings of the trial court are not supported by the evidence and to cite to the record to support that argument. See RAP 10.3.").

Taken together, this record would persuade a reasonable and fair-minded person that the trial court had sufficient evidence to support its finding that De Simone and Smith were in a CIR, as defined in Pennington, 142 Wn.2d at 602. Muridan, 3 Wn. App. 2d at 55.

Upon the trial court's finding of a CIR, it must then (1) evaluate De Simone and Smith's interests in the property acquired during the relationship, and (2) allocate that property justly and equitably. Connell, 127 Wn.2d at 349.

Here, the trial court heard testimony and reviewed exhibits enumerating the universe of property acquired during the relationship. De Simone testified she made the down payment on their house and, after that, the parties generally split expenses equally. The court then allocated their house to De Simone, but found that Smith had an equitable share in the property of approximately $89,000. The court then reduced Smith's equitable share to satisfy outstanding child support and child care expenses for their two children, thus allocating Smith $73,622, while putting the rest in a trust for future child support and childcare obligations.

Smith does not challenge with any specificity the trial court's findings related to the parties' respective interests in the residence, but instead avers that the trial court erred by "impounding" Smith's real property interest to pay for his child support obligations. We conclude that substantial evidence would persuade a rational and fair-minded person to conclude the court's allocation was just and equitable.[4] Muridan, 3 Wn. App. 2d at 55. And, courts have found that a 50/50 allocation can be just and equitable. Id. at 65.

B.    Trial Court's Alleged Bias

Smith asserts that bias on the part of the judge permeated the proceedings

---

[4] Somewhat relatedly, Smith also argues that the trial court should not have considered evidence about various physical assets, such as vehicles, because De Simone did not provide title or other verification at ownership at trial. This appears to be an evidentiary objection. Error, however, may not be predicated on a ruling that admits or excludes evidence unless a specific timely objection is made. ER 103(a); RAP 2.5(a). In order to preserve an evidentiary issue for appellate review, a specific objection must be presented at trial. In re Marriage of Zigler & Sidwell, 154 Wn. App. 803, 810, 226 P.3d 202 (2010) (citing ER 103(a)(1)). It appears from the record that Smith willfully did not appear for trial and, thus, waived this objection.

in the trial court and contributed to the rulings he now asserts were erroneous.[5]  At the beginning of the trial, the court noted:

> I believe I know Ms. De Simone's mom who runs the New Mexicans. She was at Coastal Community Bank; is that right?
>
> MS. De SIMONE: Correct, Your Honor, yes.
>
> THE COURT: Yeah. And so I met her there, and I was doing banking as a lawyer.  I've chatted with her a couple times at the restaurant. Other than that, I don't have any other personal connection to her, but I wanted to get that on the record just to make sure down the road, if somebody challenges. I don't feel the need to recuse myself. I have no – no prejudice, either one way or the other, but I think you should know about that.

While litigants are guaranteed the right to an impartial judge, "[l]itigants must submit proof of actual or perceived bias to support a claim of appearance of impartiality."  DeVogel v. Padilla, 22 Wn. App. 2d 39, 57, 509 P.3d 832 (2022) (quoting In re Marriage of Rounds, 4 Wn. App. 2d 801, 808, 423 P.3d 895 (2018)). "A trial court is presumed to perform its functions regularly and properly without bias or prejudice."  West v. State, Ass'n of County Officials, 162 Wn. App. 120, 136, 252 P.3d 406 (2011).

While Smith cites to this singular statement by the court as the basis of this claim, he did not submit "proof" of actual or perceived bias against him by the trial court. DeVogel, 22 Wn. App. 2d at 57.  Smith does not make the required showing.

Moreover, if Smith had come to trial and had made a motion to recuse, the standard of review would be abuse of discretion.  In re Marriage of Meredith, 148

---

[5] Although Smith did not technically assign error to whether the trial court acted with bias or subsequently cured it, Smith cogently raised the issue in briefing and we exercise our discretion to consider it.  RAP 1.2(c).

Wn. App. 887, 903, 201 P.3d 1056 (2009). "[A] judicial proceeding is valid only if a reasonably prudent and disinterested person would conclude that all parties obtained a fair, impartial, and neutral hearing." Id. On this record, Smith fails to demonstrate that any reasonable person, who understood that the sole basis for a claim of judicial bias was two casual conversations with De Simone's mother, would reasonably question the judge's impartiality. Thus, the trial court did not err.[6]

C.      Trial Court's Consolidation

Smith avers the trial court abused its discretion by "intermingling" the finding of a CIR with the final rulings and orders in the concurrent parenting plan action.

As a preliminary matter, there is no record in the court docket of two separate actions before us. And the court is not required to search the record to locate the portions relevant to a litigant's arguments. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 819, 828 P.2d 549 (1992). For this reason alone, Smith's argument fails. However, we will consider the matter because, in a hearing, the court referenced "both a paternity action under cause ending in 8231, as well as a committed intimate relationship, under cause ending in 301-31" and asked the parties if that was correct. Counsel for De Simone replied that that was correct and no one objected.

Assuming there were two separate actions and the court did implicitly

---

[6] We need not reach Smith's additional claim that the court erred by not placing any "other information on the record to cure or otherwise address the possible bias." Because there was no reasonable basis for alleging bias, there was nothing to cure.

consolidate them, we conclude the trial court did not abuse its discretion, particularly given the overlap between the issues and evidence. "CR 42(a) allows a court to consolidate actions which involve a common question of law or fact. Consolidation is within the discretion of the trial court and will be reversed only upon a showing of abuse and that the moving party was prejudiced." Angelo v. Angelo, 142 Wn. App. 622, 639, 175 P.3d 1096 (2008) (quoting Leader Nat'l Ins. Co. v. Torres, 51 Wn. App. 136, 142, 751 P.2d 1252 (1988)); see also, King County Dep't of Adult & Juvenile Det. v. Parmelee, 162 Wn. App. 337, 360, 254 P.3d 927 (2011). An abuse of discretion is "discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." Angelo, 142 Wn. App. at 639 (quoting State ex rel. Carroll v. Junker, 79 Wn.2d 12, 26, 482 P.2d 775 (1971)).

The two proceedings clearly involved common questions of law and fact because whether the CIR existed implicated whether and how their property would be divided, and touched on the care of their two children. Indeed, it made sense for the trial court methodically to establish the parentage of the children, a parenting plan, the CIR, and to divide property. Making orders in this way reasonably "avoid[ed] unnecessary costs or delay." CR 42(a).

We hold that the trial court did not abuse its discretion by disposing of the entire matter at once in the way it did.

//

//

//

11

### III. CONCLUSION

We affirm the trial court's Final Order.

Díaz, J.

WE CONCUR:

Hazel, ACJ

Mann, J.